UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FENIX EARTHWORKS, LLC, <br><br> Defendant. | CASE NO. C22-0799JLR <br><br> ORDER |

Before the court is a stipulated motion for leave to withdraw as counsel of record for Defendant Fenix Earthworks, LLC ("Fenix Earthworks"). (Stip. Mot. (Dkt. # 29).) Defense counsel Andrew M. Wagley seeks to withdraw due to Fenix Earthworks's "inability to continue to pay legal counsel and the winding up of the business entity." (*Id.*

ORDER - 1

at 4.) The parties also "stipulate to an extension of all deadlines contained in the Court's Civil Case Schedule Order as necessary." (*Id.* at 5; *see also* 12/14/22 Min. Order (Dkt. # 27).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part the parties' stipulated motion for leave to withdraw.

An attorney seeking to withdraw from a case in a manner that will leave a party to the case unrepresented must seek the court's leave to do so by filing a motion. *See* Local Rules W.D. Wash. LCR 83.2(b)(1). Pursuant to Local Civil Rule 83.2(b)(1), a motion to withdraw must contain a certification that it was served on the client and opposing counsel and must also provide the client's contact information. *Id.* Additionally, if withdrawal will leave a business entity unrepresented, counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

*Id.* LCR 83.2(b)(4). "The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case . . . ." *Id.* LCR 83.2(b)(1).

"Courts generally consider several factors when 'evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Pac. Survey Grp., LLC v. Tyche High Seas Cap. Corp.*, No. C21-1712JLR, 2023 WL

ORDER - 2

4624469, at *2 (W.D. Wash. July 19, 2023) (quoting *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014)). "The trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw." *Id.* (quoting *Curtis*, 2014 WL 556010, at *4).

Here, the parties' stipulated motion meets the technical requirements of Local Civil Rule 83.2(b)(1) because it includes a certification that it was served on Fenix Earthworks and opposing counsel, it is signed by Fenix Earthworks and opposing counsel, and it provides Fenix Earthworks's address and telephone number. (*See* Stip. Mot. at 4-6, 9); Local Rules W.D. Wash. LCR 83.2(b)(1). The motion also includes a certification that Mr. Wagley advised Fenix Earthworks that it is required by law to be represented by an attorney admitted to practice in this district and that failure to obtain a replacement attorney may result in the entry of default against it. (*See* Stip. Mot. at 7); Local Rules W.D. Wash. LCR 83.2(b)(4). Fenix Earthworks Member Christopher Adams consents to the withdrawal and understands that the failure to secure new counsel may result in default. (Stip. Mot. at 8.) Although the instant motion comes after the discovery cutoff, which was January 22, 2024 (12/14/22 Min. Order at 1), "[n]o party has opposed the motion to withdraw or claimed that the withdrawal would cause prejudice." *Russell v. Samec*, No. C20-0263RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021) (granting motion to withdraw after the discovery cutoff). The court concludes that the timing of the motion does not preclude withdrawal.

Turning to the merits, Mr. Wagley seeks to withdraw based on Fenix Earthworks's insolvency and inability to pay litigation costs. (Stip. Mot. at 4.) This court has

previously granted withdrawal on identical grounds. *Pac. Survey Grp., LLC*, 2023 WL 4624469, at *2 (granting withdrawal of counsel to a party that was "insolvent and [could] no longer compensate [counsel] for their services," where no party argued it would be prejudiced by withdrawal). Moreover, the parties have stipulated to withdrawal and no one argues prejudice will result from withdrawal. (*See generally* Stip. Mot.; Dkt.)

Accordingly, the court GRANTS in part the parties' stipulated motion (Dkt. # 29) and ORDERS that the withdrawal of Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich P.C. shall be effective February 20, 2024. (*See* Prop. Order (Dkt. # 29) (requesting an effective date for the withdrawal of two weeks from the date the court enters its order).) Fenix Earthworks must find substitute counsel, if any, and notify the court and all parties to this matter of the same by no later than **February 20, 2024**. Failure to do so may result in the entry of default against Fenix Earthworks. The court DENIES the stipulated motion to the extent the parties request an extension of pretrial deadlines in this matter. (*See* Stip. Mot. at 5.) Dispositive motions remain due by no later than **February 20, 2024**. Mr. Wagley is DIRECTED to provide a copy of this order to Mr. Adams.

Dated this 5th day of February, 2024.

JAMES L. ROBART
United States District Judge