UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX EARTHWORKS LLC,<br><br>Defendant. | CASE NO. C22-0799JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Board of Trustees of the Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers

ORDER - 1

1  Construction Industry Retirement Fund, and Western Washington Operating
2  Engineers-Employers Training Trust Fund (collectively, the "Trusts") motion for
3  summary judgment.  (Mot. (Dkt. # 31); Reply (Dkt. # 34).)  Defendant Fenix Earthworks
4  LLC ("Fenix") did not respond to the motion.  (*See generally* Dkt.)  The court has
5  considered the motion, the relevant portions of the record, and the applicable law.  Being
6  fully advised, the court GRANTS the Trusts' motion for summary judgment.

## II.   BACKGROUND

The Trusts are joint labor-management funds established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c), and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Compl. (Dkt. # 1) ¶ 2.)  The Trusts provide certain benefits to eligible employees including health and welfare benefits, pension benefits, annuity benefits, and apprenticeship benefits.  (Keck Decl. (Dkt. # 32) ¶ 17.)  The Trusts are primarily funded by employer contributions.  (*Id.* ¶ 7.)  An employer's obligation to contribute to the Trusts arises from a collective bargaining agreement ("CBA") and "Associate Agreements," the latter of which allow employers to contribute on behalf of non-bargained employees.  (*Id.* ¶¶ 9-10.)  The employer reports its contributions to the Trusts on a per hour paid basis.  (*Id.* ¶ 11.)  The Trusts periodically perform payroll audits to confirm that employers are accurately reporting and contributing on behalf of its bargained and non-bargained employees.  (*Id.* ¶ 16.)

In 2017, Fenix executed four trust agreements (the "Trust Agreements") through which it bound itself to the terms and conditions of the CBA between Local 302 and 612

of the International Union of Operating Engineers and the Associated General Contractors of Washington and the Associate Agreement with the Trusts. (*Id.* ¶¶ 18, 20; *see also id.* ¶ 18, Ex. B ("Trust Agreements"); *id.* ¶ 21, Ex. C ("CBAs").) As a signatory employer, Fenix agreed to pay the Trusts monthly contributions as well as other funds as set forth in the CBA, such as union dues and ancillary funds. (Keck Decl. ¶¶ 22-26. *See generally* CBAs.) After signing the Trust Agreements, Fenix hired bargained and non-bargained employees that performed work covered by the CBA and Associate Agreement, triggering Fenix's contribution and reporting obligations under the Trust Agreements. (Keck Decl. ¶¶ 27-28.)

The Trusts filed this lawsuit against Fenix on June 8, 2022, claiming Fenix either failed to pay or failed to timely pay contributions for the work months of August 2021 through the time of filing. (*See generally* Compl.) In its complaint, Fenix sought (1) judgment on unpaid contributions, liquidated damages, and interest in connection with the delinquent period of August 2021 through April 2022; (2) judgment on "all outstanding contributions, liquidated damages, and interest due to [the Trusts] for the months of May 2022 through current"; (3) reasonable attorneys' fees and costs; and (4) "such other and further relief as this court deems just and equitable." (Compl. at 4.) Fenix eventually appeared and answered the complaint. (*See* Answer (Dkt. # 24).)

On November 2, 2023, a Fringe Benefit Contributions Compliance Report (the "Audit") was issued, identifying specific dollar totals that Fenix underreported and/or underpaid in fringe benefit contributions for the January 2021 through September 2022 Audit period. (Keck Decl. ¶ 30 & Ex. E ("Audit").) The Audit also determined that, with

respect to the same time period, Fenix owed specified amounts of liquidated damages, interest, ancillary funds, and Dues Check-off, but that it had overpaid on certain contributions by nearly $50,000. (Keck Decl. ¶¶ 31-36. *See generally* Audit.)

On February 2, 2024, the parties filed a stipulated motion in which defense counsel sought to withdraw from this matter due to Fenix's "inability to continue to pay legal counsel and the winding up of the business entity." (Stip. Mot. (Dkt. # 30) at 4.) Fenix consented to the withdrawal. (*Id.* at 8.) The court granted the motion to withdraw but declined to extend unexpired case deadlines, as the parties had requested in their motion. (2/5/24 Order (Dkt. # 30) at 4; *see also* Stip. Mot. at 5.) The Trusts timely filed their motion for summary judgment, to which Fenix did not respond. (*See generally* Mot.; Dkt.) The motion is now ripe for decision.

### III.   ANALYSIS

The court sets forth the relevant legal standard before turning to the merits of the Trusts' motion for summary judgment.

**A.   Legal Standard**

Summary judgment is appropriate if the evidence viewed in the light most favorable to the non-moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*,

247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49). The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

**B.     The Trust Funds's Motion for Summary Judgment**

This action is governed by ERISA, the principal purpose of which is to enable the prompt collection of outstanding employer contributions. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp.*, 472 U.S. 559, 580 (1985). ERISA provides in relevant part as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

> A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

*Id.* § 1132(a)(3).

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan— (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of— (i) interest on the unpaid contributions, or (ii) liquidated damages

|   |   |
|---|---|
| 1 | provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. |

*Id.* § 1132(g)(2). Section 1132(g)(2) is "mandatory and not discretionary," and it applies when (1) the employer is delinquent at the time the action is filed, (2) the fiduciary obtains a judgment in favor of the plan, and (3) the plan provides for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Tr. v. Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir. 1984)).

The Trusts "have a statutory and fiduciary duty to collect contributions that are owed." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1343-44 (9th Cir. 1988). Where an employer overpays contributions, ERISA provides for the return of those contributions only if the employer shows that they resulted from a mistake of fact and that the equities favor restitution. *British Motor Car Distribs., Ltd. v. S.F. Auto. Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989).

The court now addresses the Trusts' motion, guided by these general principles.

    1. <u>August 2021 Through June 2022 Delinquent Period</u>

The Trusts assert that Fenix failed to pay certain contributions for the work months of August 2021 through June 2022. (Mot. at 14.) The Trusts present evidence that, in connection with the August 2021 through June 2022 delinquency period, Fenix owes $318,546.82 in unpaid contributions. (Keck Decl. ¶ 12, Ex. A (remittance reports for the delinquent period); *id.* ¶ 29, Ex. D (claim summary).)

1   The court has reviewed the Trusts' materials and concludes that they have met
2   their burden of production on this claim.  Because Fenix fails to rebut the Trusts'
3   position, the court GRANTS summary judgment to the Trusts on their claim for
4   delinquent contributions stemming from the August 2021 through June 2022 delinquent
5   period, in the total amount of **$318,546.82**.

6       2.  <u>The January 2021 Through September 2022 Audit Period</u>

7   The Trusts next assert that, pursuant to the Audit of the period extending from
8   January 2021 through September 2022, Fenix failed to report certain compensable hours
9   for its bargaining unit employees and therefore failed to pay the required contributions
10  for those unreported hours. (Mot. at 15.)  The Audit also revealed that Fenix overpaid
11  certain contributions during the Audit period. (*Id.* at 17.)  The Trusts provide evidence
12  that, in connection with the January 2021 through September 2022 Audit period, Fenix
13  owes $309,442.26 in unpaid Health, Pension, and Training contributions, $5,316.23 in
14  ancillary funds, and $13,640.05 for Dues Check-Off. (Canada Decl. ¶ 8; Keck Decl. ¶ 35
15  & Ex. F (accounting chart).  *See generally* Audit.)  The Trusts have also agreed to offset
16  the underpaid amounts by $1,506.59, which is the amount that Fenix overpaid as a result
17  of clerical error. (Mot. at 19; Keck Decl. ¶ 39); *see British Motor Car Distribs.*, 882 F.2d
18  at 374.

19  The court has reviewed the Trusts' materials and concludes that they have met
20  their burden of production on this claim.  Because Fenix fails to rebut the Trusts'
21  position, the court GRANTS summary judgment to the Trusts on its claim for unpaid
22  contributions and related ancillary funds and dues—less $1,506.59 in overpayments—in

connection with the January 2021 through September 2022 Audit period, in the total amount of **$326,711.95**.

### 3. Liquidated Damages, Interest, and Attorney's Fees and Costs

Finally, the Trusts assert that Fenix owes liquidated damages, interest, and attorney's fees and costs under ERISA and pursuant to the terms of the Trust Agreements. (Mot. at 19); *see also* 29 U.S.C. § 1132(g)(2) (providing that, in the event a fiduciary secures judgment in an action to collect delinquent contributions, the court "shall award" interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and other legal or equitable relief as appropriate). The Trusts present evidence that Fenix owes $42,972.80 in liquidated damages and $69,079.20 in interest for the August 2021 through June 2022 delinquent period (Keck Decl. ¶ 29 & Ex. D (claim summary)), as well as $37,285.22 in liquidated damages, $71,713.74 in interest, and $8,153.50 in Audit accounting fees for the January 2021 through September 2022 Audit period (Canada Decl. ¶ 9; *id.* ¶ 16, Ex. A (random fringe benefit contributions compliance report)). The Trusts state their intention to file a motion for attorney's fees and costs at a later time "should it prevail on this motion for summary judgment." (Mot. at 23.)

The court has reviewed the Trusts' materials and concludes that they have met their burden of production on this claim. The court further concludes that an award under Section 1132(g)(2) is mandated because the Trusts have established (1) their entitlement to judgment, (2) that unpaid contributions existed at the time of suit, and (3) that the Trust Agreements expressly "provide for the assessment of interest, liquidated damages, costs,

and attorney fees." (Mot. at 19, 21; Trust Agreements at 83; Keck Decl. ¶¶ 42-47 & Exs. G-J (revised trust agreements and collections policy).) *See Albertson's, Inc.*, 104 F.3d at 257.  For this reason, and because Fenix fails to rebut the Trusts' position, the court GRANTS summary judgment to the Trusts on its claim for liquidated damages, interest, and Audit accounting fees in connection with the August 2021 through June 2022 delinquent period and the January 2021 through September 2022 Audit period, in the total amount of **$229,204.46**.  The court likewise GRANTS summary judgment to the Trusts on its claim for reasonable attorney's fees and costs, in an amount to be determined at a later date.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the Trusts' motion for summary judgment (Dkt. # 31).  Specifically, the court ORDERS as follows:

1.   The court GRANTS summary judgment in the Trusts' favor and VACATES the trial date and all remaining pretrial deadlines (*see* Sched Order (Dkt. # 27));

2.   The court GRANTS the Trusts' request for a judgment in the total amount of **$874,463.23**, comprising:  (1) $318,546.82 in delinquent contributions and associated interest and liquidated damages stemming from the August 2021 through June 2022 delinquent period; (2) $326,711.95 in unpaid contributions and related ancillary funds and dues, less overpayments, in connection with the January 2021 through September 2022 Audit period; and (3) $229,204.46 in liquidated damages, interest, and Audit

accounting fees for the August 2021 through June 2022 delinquent period and the January 2021 through September 2022 Audit period.

3.  The court GRANTS the Trusts' request for reasonable attorney's fees and costs in an amount yet to be determined. The Trusts shall file a motion for attorney's fees by no later than **April 26, 2024** and note the motion in accordance with Local Civil Rule 7(d)(3).  *See* Local Rules W.D. Wash. LCR 7(d)(3).

Dated this 29th day of March, 2024.

JAMES L. ROBART
United States District Judge