UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX EARTHWORKS LLC,<br><br>Defendant. | CASE NO. C22-0799JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Plaintiffs Board of Trustees of the Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers

1  Construction Industry Retirement Fund, and Western Washington Operating

2  Engineers-Employers Training Trust Fund (collectively, the "Trusts") motion for an

3  award of attorney's fees.  (Mot. (Dkt. # 36).)  Defendant Fenix Earthworks LLC

4  ("Fenix") did not respond to the Trusts' motion.  (*See generally* Dkt.)  The court has

5  considered the motion, the relevant portions of the record, and the governing law.  Being

6  fully advised, the court GRANTS the Trusts' motion for an award of attorney's fees.

## II.   BACKGROUND

8  The court set forth the relevant factual and procedural background of this case in

9  its March 29, 2024 order granting the Trusts' motion for summary judgment.  (*See*

10  3/29/24 Order (Dkt. # 35) at 2-4.)  As part of that order, the court granted the Trusts'

11  motion for summary judgment on its claim for reasonable attorney's fees and costs

12  pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

13  § 1132(g)(2), and the parties' Trust Agreements.  (*Id.* at 8-9 (citing Compl. (Dkt. # 1)

14  ¶ 18, Ex. B ("Trust Agreements") at 83; Keck Decl. (Dkt. # 32) ¶¶ 42-47 & Exs. G-J

15  (revised trust agreements and collections policy).)  The court directed the Trusts to file a

16  motion for attorney's fees by no later than April 26, 2024.  (*Id*. at 10.)  The Trusts timely

17  filed their motion on April 15, 2024.  (Mot.)  No party opposed the motion.  (*See*

18  *generally* Dkt.)  Thus, the motion is now ripe for decision.

## III.   ANALYSIS

20  To determine whether counsel's requested fees are reasonable, the court applies

21  the "lodestar" method.  *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir.

22  2008).  The court begins by finding the "lodestar," which is calculated by multiplying

"the number of hours . . . reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).  Although the resulting figure is presumptively reasonable, the court may, if circumstances warrant, adjust the lodestar figure up or down based on additional factors—referred to as the "*Kerr* factors"—that were not already subsumed in the initial lodestar calculation.  *Id.* at 982 (referring the to 12 factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)); *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (noting that the court need not consider the *Kerr* factors unless necessary to support the reasonableness of the fee award).  These factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.3d at 70.

The "reasonable hourly rate" used in the lodestar "is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Camacho*, 523 F.3d at 979 (internal quotations and citations omitted).  The relevant community for determining whether hourly rates are reasonable "is the forum in which the district court sits."  *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  To determine a reasonable number of hours to be compensated, the court must

consider "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The hours claimed by a party may be reduced by the court if the "documentation of the hours is inadequate"; "if the case was overstaffed and hours are duplicated"; or "if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *see also McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (stating that the court may exclude hours that were not reasonably expended, such as those "that are excessive, redundant, or otherwise unnecessary" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))).

Here, Plaintiffs seek an award of $12,833.50 in attorney's fees for 46.30 hours of work by attorney Noelle E. Dwarzski at rates of $275.00 per hour through December 2022 and $285.00 per hour beginning in January 2023. (*See generally* Mot.; *see id.*, Ex. A ("Billing Records").) The court has reviewed Plaintiffs' attorney's hourly rates and determines that they are consistent with the hourly rates charged by attorneys of comparable skill, experience, and reputation who practice ERISA law in the Seattle legal community. The court further determines that counsel's hours billed are reasonable. Counsel has not block-billed her hours, and the court finds no duplication of effort or billings that are excessive or otherwise unnecessary in light of Plaintiffs' need to oppose a motion to vacate an order of default (*see* 11/9/22 Order (Dkt. # 22)) and to engage in extensive negotiations with Fenix regarding a potential payment plan (*see generally* Billing Records). Therefore, having considered the *Kerr* factors, the court concludes that

Plaintiffs' lodestar is reasonable and GRANTS Plaintiffs' request for an award of $12,833.50 in attorney's fees incurred in this litigation.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for an award of $12,833.50 in attorney's fees incurred in this litigation (Dkt. # 36).

Dated this 29th day of April, 2024.

JAMES L. ROBART
United States District Judge